BAKER v. COOK. (No. 1050—5252.)

Commission of Appeals of Texas, Section B. April 10, 1929.

Neal A. Brown and J. F. Carl, both of Edinburg, for plaintiff in error.

Bryce Ferguson and Tom L. Hartley, both of Pharr, for defendant in error.

LEDDY, J. Plaintiff in error filed this suit on October 20, 1927, against John A. Cook, independent executor and sole beneficiary under the will of Thomas A. Cook, deceased, on an obligation alleged to be due her by reason of a contract made with the said Thomas A. Cook. She alleged that about the year 1891 she was an orphan girl about 14 years of age, and was taken into the house of John A. Cook in Cook county, Ill., to wait upon and be a companion to his invalid mother, and also the mother of Thomas Cook, who was a bachelor brother of John Cook; that she resided in said home for a period of about 7 years, leaving there in October, 1898, when she was 21 years of age, and going to Denver, Colo., where she secured employment until about April, 1901; that about said time she went to the home of Thomas Cook, who was then living on a small farm near the village of Issabella, Ozark county, Mo., at the instance and request of said Thomas Cook; that for a period of 18 months, from April, 1901, to October, 1902, at the invitation, instance, and solicitation of Thomas Cook, she acted as his housekeeper, doing his cooking, household work, washing, raising poultry, gardening, and other work on the farm. It was averred that said Thomas Cook induced her to be his housekeeper and do the other work enumerated by his promises and agreement with her when she first went to his home in Missouri that he would pay her for her services when he sold a certain farm owned by him, situated in Cook county, Ill., located near the town of La Grange, and that, if he did not sell said farm during his lifetime, he would provide for her bountifully in his last will and testament; that because of the fatherly interest always manifested in her by the said Thomas Cook, and her long acquaintance with him, and the faith and confidence reposed in him by her, she believed said representations and acted upon them, and did said housework, poultry raising, gardening, and general farm labor for him during said 18 months under the promise that she would be compensated for her labors as aforesaid.

It was further alleged that she again came from Denver and did similar work in the home of said Thomas Cook from April 1, 1905, to November 15, 1905, and that she again worked for him from May 1, 1909, until May 1, 1910, doing the same character of work, under the same representations and promises that she would be compensated therefor.

It was also alleged that she turned over to Thomas Cook $200 in cash that she had saved from her earnings while employed in Denver, Colo., under the promise that Cook would re-

pay the money with interest when he sold his said farm in Cook county, Ill., and that, if he did not sell said farm during his lifetime, he would provide bountifully for her in his will.

It was further alleged that about the year 1905 she made two feather beds and two feather pillows and sent same to Thomas Cook from Denver, Colo., together with about $100 worth of provisions; also that she made three trips from Denver, Colo., to the home of Thomas Cook, in Ozark county, Mo., and returned to Denver, each trip costing approximately $100—the basis for the recovery of each of said items being that Cook agreed to reimburse her in the same manner as he agreed to pay for her personal services for 37½ months.

Plaintiff's petition showed that, after she left the employment of said Thomas A. Cook about May, 1910, she continuously resided in Denver, Colo., until April, 1927, at which time she visited Thomas Cook at his home in Pharr, Tex.; that she then learned for the first time that Thomas Cook had made a will leaving all of his estate to the defendant, John A. Cook, his brother; and that he never paid her anything for the 3½ years she served as a housekeeper in his home, nor the money loaned, provisions furnished, and traveling expenses incurred; that she learned at said time that he had sold his Cook county farm in 1925.

The petition contained the averment that "the said Thomas Cook willfully induced plaintiff to work for him during said 3½ years, caused her to loan him money and furnish said feather beds, pillows, and provisions, and incur said traveling expenses to and from her home with the intention of securing plaintiff's services free of charge to himself, of not repaying her the money loaned, nor for the provisions, feather beds, pillows, and railroad fare, and with the full intention of defrauding her of her 3½ years' services to him out of all said property."

Plaintiff sought a recovery for the reasonable value of the services rendered to the said Thomas A. Cook, including the other items heretofore mentioned.

Defendant in error specially excepted to plaintiff in error's petition on the ground that it appeared from the face of said petition that her cause of action was barred by the two-year statute of limitation. In order to meet such exception, plaintiff in error filed a supplemental petition alleging that she was very young when she first began living in the Cook home; that, on account of her long acquaintance and intimate association with the said Thomas Cook, John A. Cook, and their mother, she regarded herself almost as a member of the family; that she relied upon and trusted the said Thomas Cook as a child would rely upon and trust its father; and that this abiding faith on her part, and her

trust in Thomas Cook continued from the plaintiff's childhood up until the time she visited him in Pharr, Tex., in April, 1927, and learned for the first time that he did not intend to carry out the promises and agreements made with her.

She further alleged that Thomas Cook well knew that she trusted and relied upon him as a child would its father, and, knowing this, purposely and fraudulently abused the trust and confidence she had in him and concealed from her the fact he had sold said farm near La Grange, Ill., for the purpose of defrauding her; that at the time of the sale of said property she was living in a distant state from said farm and depending upon said Thomas Cook for all information in regard thereto, which fact the said Cook well knew, and that with such knowledge he fraudulently concealed the fact from plaintiff in error and never mentioned it in any of his correspondence had with her, for the purpose of avoiding fulfillment of his obligation to her.

The trial court concluded that plaintiff in error's cause of action was barred by the two-year statute of limitation, and therefore sustained defendant in error's exception on such ground, and, plaintiff in error declining to amend, judgment was entered dismissing the suit, which judgment was affirmed by the Court of Civil Appeals.

The exception should have been overruled, as plaintiff in error's petition did not disclose upon its face that the cause of action asserted arose more than two years prior to the filing of her petition.

■ Generally speaking, it may be stated that, if a fact exists upon which a cause of action arises, which is not peculiarly within the knowledge of the party from whom the right is to be received—a fact which may be ascertained by inquiry or diligence—there is no duty on the part of the debtor to give notice of the fact, and mere ignorance on the part of the creditor will not prevent the running of the statute of limitation. But, where a relation of trust and confidence of the nature alleged by the petition in this case is shown to exist, the rule is otherwise.

■ It appears from plaintiff in error's petition that she was an orphan child who was practically raised in the home of Thomas Cook, and that, because of this fact, the relation between her and the said Cook was practically the same as that between father and daughter. In addition to this, the petition shows that Thomas Cook knew that she resided in a distant state and was depending upon him to give her the information as to when the farm was sold. Notwithstanding he carried on a correspondence with her, he failed to communicate to her the fact that he had sold the farm. Under all the circumstances set forth in the petition, we think the law imposed upon Thomas Cook the duty of making full disclosure of the fact in re-

gard to the sale of the farm. 37 C. J. 977, § 361, and authorities there cited.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and the cause remanded for another trial.

CURETON, C. J. ·Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.