**Benjamin D. LUCAS, Appellant,**

v.

**J. H. MORRISON, Appellee.**

No. 12941.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1956.

Rice, Waitz & Rice, San Antonio, for appellant.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2 of Bexar County, based upon a jury verdict allowing plaintiff, J. H. Morrison, a recovery against defendant, Benjamin D. Lucas, of $50 as the intrinsic value of a hackberry shade tree and a recovery of $100 as nominal damages for wrongful trespass of defendant upon the land of plaintiff. Benjamin D. Lucas has prosecuted this appeal.

Appellant's first four points present the contention that the court erred in permitting a recovery of $50 for the hackberry tree, because the wrong measure of damages was applied, and because there was no evidence to support the finding of the jury to the effect that the intrinsic value of the tree was $50.

■ We overrule these contentions. It is quite true that trees growing upon land are a part of the realty, unless they have a market value when detached from the land, and ordinarily the measure of damages for the wrongful destruction of such trees is the difference in the value of the land immediately before the trees were destroyed and immediately after their destruction. Hooper v. Smith, Tex.Civ. App., 53 S.W. 65; Galveston, H. & S. A. Ry. Co. v. Warnecke, 43 Tex.Civ.App. 83, 95 S.W. 600; Hidalgo County Water Control & Improvement Dist. No. 1 v. Gannaway, Tex.Civ.App., 13 S.W.2d 204.

It was stipulated in this case that the hackberry tree had no market value when severed from the land. The evidence shows that the market value of the land was the same before and after the destruction of the hackberry tree. So, if this measure of damages be followed, it is apparent that appellee would not receive anything for the wrongful destruction of his valuable shade tree.

■ Appellee testified that the hackberry tree was the only shade in the enclosure in which he kept his milk cows, that milk cows need shade and fall off in their production when they do not have shade, and that forty cows could stand in the shade of this tree. A picture of the tree before it was cut down is in the statement of facts. H. R. Hohenberger, a witness for appellant, admitted that shade is valuable to dairy cattle to a certain extent. No doubt this one hackberry tree is of small value when compared with the value of the entire tract of land, and of such small value that its destruction would not affect the market value of the entire land. On the other hand, should appellant be permitted to wrongfully enter upon the farm of appellee and cut down a shade tree which was of value to him and not be required to pay any damages because its value in proportion to the value of the entire farm was of such insignificance as not to affect the market value of the land? We think not. Here an exception should be made to the general rule of measure of damages with regard to destruction of growing trees and appellee should be permitted to recover the intrinsic value of his shade tree. Stephenville, N. & S. T. R. Co. v. Baker, Tex.Civ.App., 203 S.W. 385; Shell Pipe Line Corporation v. Svrcek, Tex.Civ.App., 37 S.W.2d 297.

■ It is true that appellee did not testify as to the intrinsic value of the shade tree, in dollars and cents, and it is further apparent that had he done so it would have been only an estimate. This the jury could do as well as appellee. Appellee alleged the tree was worth $100, the jury allowed $50. There is no contention that the value allowed by the jury was excessive in amount. The evidence was sufficient to support the finding of the jury as to the value of the tree.

■■ Appellant next contends that the court erred in allowing nominal damages in the sum of $100. We are of the opinion that $100 is substantial damages and not merely nominal damages. Nominal damages is damages in name only. It should

be in some trivial amount and is usually in the sum of $1. Appellee points out the fact that the evidence would justify the conclusion that appellant and his men committed at least twenty different trespasses upon appellee's land and that only $5 per trespass would not be excessive nominal damages. We cannot agree. Whatever trespasses were committed occurred in one afternoon in connection with the moving of a school house. Conceding that there were twenty separate trespasses committed, the nominal damages should not have been more than $1 per trespass and not exceeding $20 for all of the trespasses.

The judgment will be amended so as to allow $20.00 as nominal damages and a total recovery of $70 for both the value of the hackberry tree and nominal damages, and as thus amended the judgment is affirmed. The costs of this appeal are taxed one-half against appellant and one-half against appellee.