STATE of Texas et al., Appellants,

v.

Monta MILES et al., Appellees.
No. 4931.

Court of Civil Appeals of Texas,
Waco.

Oct. 15, 1970.

Rehearing Denied Nov. 5, 1970.

Jimmy R. Morris, Dist. Atty., Mays, Jacobs & Pevehouse, Corsicana, for appellants.

Jack Y. Hardee, Athens, Dawson & Dawson, Corsicana, for appellees.

## OPINION

WILSON, Justice.

In this condemnation case the land owners were accorded the right to open and close. They adduced evidence before the jury from three witnesses, and rested. There were numerous overruled objections to evidence which are the basis for points which it will be unnecessary for us to decide.

When condemnees rested, condemnors moved that the court "enter the judgment without submitting an issue as to the value of this land, for the reason that no issue has been made by the condemnees from the evidence offered". Condemnor's contentions as to deficiencies in the evidence admitted as to land values were then stated, and condemnors urged that there was no admissible evidence of land value. "Hence", the motion continued, "condemnors pray for a judgment that the land be condemned, and that judgment be rendered for a nominal sum". The proceedings continued: "The Court: If I grant this motion, what do you want me to do, give it to them?" Counsel for condemnor: "No judge, I want you to set a value. The Court: I grant the motion, and set the value at $37,500." Counsel for condemnor: "I don't know if you are joking or not. The Court: I certainly am not."

Condemnor's attorney protested, among other reasons, that condemnor had not been permitted to introduce evidence, and was deprived of a jury trial. The jury was discharged, and judgment condemning the land was rendered as prayed for. The State was directed by the judgment to pay $37,500 as compensation for the taking.

■ The entire court is of the opinion that, upon consideration of the whole record, condemnor's motion was simply one that the court withdraw the case from the jury on the ground there was no competent evidence to raise an issue as to the value of the land taken, and to render judgment for nominal damages. It was, in effect, a motion for instructed verdict. The fact that it may have been considered to be incongruous in this type of proceeding, or to be untenable, did not require or authorize an instructed verdict, in effect, for condemnees.

■ The action invoked by condemnor's motion was only that "judgment be rendered for a nominal sum," the value to be set by the court. "Nominal" damages consist of a very small, trivial or inconsiderable sum awarded where, from the nature of the case, injury has been done, but the amount of which the proof fails to show. 28A Words and Phrases (Perm.Ed.) 303–306. They are damages "in name only", and "should be in some trivial amount", said to be usually $1. Lucas v. Morrison, 286 S.W.2d 190, 192 (Tex.Civ.App.1956, no writ). See 25 C.J.S. Damages § 8, p. 636 et seq.; 17 Tex.Jur.2d, Damages, Sec. 7, p. 84.

The judgment is reversed and the cause remanded.