David **ROTHMAN**, dba Double R. Construction Company, Appellant,

v.

**GULF COAST INVESTMENT CORPORATION,** Appellee.

No. 7472.

Court of Civil Appeals of Texas, Beaumont.

June 7, 1973.

Motion for Rehearing Overruled July 26, 1973.

Richie & Greenberg, Houston, for appellant.

Urban, Coolidge, Pennington & Scott, Houston, for appellee.

DIES, Chief Justice.

On March 1, 1955, plaintiff, David Rothman, d/b/a Double R. Construction Company (appellant), and defendant, Gulf Coast Investment Corporation (appellee), entered into a contract whereby defendant agreed to purchase from plaintiff promissory notes received by plaintiff from his customers, such notes to be assigned without recourse upon plaintiff. Plaintiff's business, as described in the contract, was "Roofing, Siding and miscellaneous home improvements."

The contract provided that five per cent of the face of each note so assigned would be withheld by defendant in a "reserve account", the purpose of which was to protect defendant against losses in the collection of the paper.

The contract required defendant to give notice of default on each note when such default had continued for thirty days. Defendant was also required by the contract to send an additional notice at the expiration of a ninety day delinquency.

After the second notice, plaintiff had ten days within which to exercise his option to liquidate the delinquent note (leaving the reserve account untouched) or to take no action, in which event the delinquency would be charged to his reserve account. That is to say, the amount of the delinquency would be deducted from the reserve account.

On December 4, 1969, plaintiff filed suit seeking damages, alleging that he was never notified of any delinquent accounts "nor . . . ever received any accounting of the funds maintained in said reserve account, nor was he ever given the opportunity to pay off said delinquencies prior to their being charged against the reserve account."

It was stipulated at the trial that the total sum of $59,745.77 was withheld by defendant in such reserve account. Testimony offered by defendant contended that losses from the notes assigned by plaintiff exceeded the reserve account by some $10,000.

Trial was to a jury which found: (1) Defendant did not furnish a delinquency report on each loan delinquent for thirty days. (2) Defendant did not furnish plaintiff notice on each account that was delinquent for ninety days. The jury failed to find that plaintiff waived the right to receive the notices as required between the parties.

Before the evidence was concluded, the court made the following statement:

"THE COURT: Plaintiff stipulates and agrees that if submitted to the jury the answer to the damage issues would have to be the stipuluated sum of $59,745.77 or nothing, and the Court now holds as a matter of law that the plaintiff has not established damages in the sum of $59,745.77."

On October 4, 1972, the court entered judgment that plaintiff, "having not established his damages as a matter of law, take nothing by reason of his suit." From this judgment, plaintiff perfects this appeal which is predicated upon one point of error, to-wit:

"The Trial Court erred in rendering a judgment that Plaintiff take nothing based on the Trial Courts holding, as a matter of law, that Plaintiff had not established damages, in the sum of $59,745.77."

Defendant has cross points that waiver was established as a matter of law and that plaintiff's cause was barred by the four year statute of limitation.

The jury's findings that defendant failed to give the thirty and ninety day notices are certainly supported by the evidence. Indeed, defendant's attorney admitted as much in oral argument.

■ What then was plaintiff's damage? "The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." Stewart v. Basey, 150 Tex. 666, 245 S.W.2d 484, 486 (1952). See also 11 Williston on Contracts, Third Edition §§ 1338, 1339 (1960).

The breached requirement of notices in the contract was put there obviously to give plaintiff an opportunity to reduce his losses resulting from nonpayment of the notes. But there is nothing in the contract to suggest that if defendant failed to give the notices, the entire reserve fund would be treated as liquidated damages.

■ We agree with plaintiff as he quotes from Southwestern Chem. & G. Corp. v. Southeastern P. L. Co., 369 S.W. 2d 489, 495 (Tex.Civ.App., Houston, 1963, no writ), "A party who breaks his contract cannot escape liability because it is impossible to state or prove a perfect measure of damages." Where a clear breach of the contract is shown, as the evidence here discloses, all that the law requires is that the

amount of damages be shown with reasonable certainty.

In Hindman v. Texas Lime Company, 157 Tex. 592, 305 S.W.2d 947, 953 (1957), the court quoted from a federal decision, holding:

"'Obviously a plaintiff may not come into court and say no more than "the defendant stole some wheat" or that "a fire destroyed some of my goods," and ask for substantial damages. The rule is that, if an injured plaintiff has produced the best evidence available, and if it is sufficient to afford a reasonable basis for estimating his loss, he is not to be denied a substantial recovery because the exact amount of the damage is incapable of ascertainment.'"

So it is in the instant case. Plaintiff proved only the breach of the contract by defendant and the total amount of the reserve fund. He made no effort to prove the amount of damage which flowed from the breach by defendant. Upon a retrial of the case, the plaintiff must discharge the burden of proving the damages sustained by the best evidence available, that is to say, the loss sustained upon each delinquent note charged to the reserve account, for it is the aggregate of such losses which constitutes the damage which plaintiff sustained because of defendant's breach. The difficulty in making such proof does not excuse the production of the best evidence possible under the circumstances. *Hindman,* supra.

Reasonable certainty as to the amount of damage is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness. H. B. Zachry Co. v. Ceco Steel Products Corp., 404 S.W.2d 113, 131 (Tex. Civ.App., Eastland, 1966, error ref. n.r.e.). With such proof in the record, including the adverse evidence, if any, introduced by the defendant, the amount of damages then becomes a matter of determination by the jury under the appropriate instructions from the court.

■ These admonitions are given here because we have determined that the trial court's instruction concerning damages was improper and we have concluded that in the interest of justice the case should be remanded for a new trial. "Some damages are always presumed to follow the violation of any right or duty, and therefore the party injured is entitled to nominal damages, if none greater are proved." Moore v. Anderson, 30 Tex. 224, 230 (1867). See also Lucas v. Morrison, 286 S.W.2d 190, 191 (Tex.Civ.App., San Antonio, 1956, no writ) and State v. Miles, 458 S.W.2d 943, 944 (Tex.Civ.App., Waco, 1970, error ref. n.r.e.).

There remains for us to dispose of defendant's cross points, the first of which is that waiver was established as a matter of law.

■ Waiver is an intentional release, relinquishment, or surrender of a right that is at the time known to the party making it. The Praetorians v. Strickland, 66 S.W.2d 686 (Tex.Comm.App.1933). We have previously held that the jury's findings that defendant failed to give plaintiff the notices as required by the contract are supported by the evidence. So holding, and since there is no other evidence in the record that plaintiff knew of the reductions in the reserve account, he could not waive that of which he had no knowledge. This cross point is overruled.

■ As to the four year statute of limitations, it does apply to this type of contract. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S. W.2d 716, 721–722 (1946). The statute commences to run from the time of the breach. See cases cited in 37 Tex.Jur.2d Limitation of Actions, § 79 (1962). The statute, however, would not begin to run until plaintiff had knowledge of the breach unless his lack of knowledge resulted from his lack of diligence or from negligence. 54 C.J.S. Limitations of Actions § 205 (1948) and Baker v. Cook, 15 S.W.2d 600 (Tex.Comm.App., 1929).

In our present case there were no issues of knowledge or failure to use diligence to ascertain knowledge by plaintiff of the breach, either requested or given. We therefore overrule this cross point.

Reversed and remanded.

STEPHENSON, Justice (concurring).

I concur with the disposition of this case by the majority. However, I do not agree with the statements made concerning the burden of proof plaintiff will have upon a retrial of this case.

The majority opinion has imposed upon plaintiff an almost impossible task in requiring him to analyze each transaction involving the delinquent notes charged to the reserve account in order to prove his damage. If plaintiff can allege and prove the breach of contract, he should be allowed to recover the amount of money in the reserve account not barred by the four year statute of limitation.