**VILLAGE MEDICAL CENTER, LTD. et al., Appellants,**

v.

**George APOLZON et al., Appellees.**

**No. 17918.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 2, 1981.

Rehearing Denied May 28, 1981.

Roland B. Darby, Houston, for appellants.

William T. Green, III, Green, Downey, Patterson & Schultz, Houston, for appellees.

SMITH, Justice.

The opinion filed on April 2, 1981, is withdrawn and the following substituted.

This is a suit on a real estate contract. The purchasers, George Apolzon, et al, appellees herein, brought suit for specific performance on the contract and in the alternative sought damages for breach of contract and fraud. The sellers, Village Medical Center, Ltd., et al, appellants herein, cross-acted for injunctive relief, damages and a declaratory judgment setting aside the contract and other instruments.

The trial court entered judgment ordering the return of the money paid by purchasers to the sellers, awarded the sellers $1.00 nominal damages, cancelled a mechanic's and materialman's lien and two *lis pendens* notices, and enjoined the purchasers from contacting the tenants to collect rents and from exercising any control or managerial services over the property.

The judgment is affirmed.

On March 17, 1980, the sellers had refinanced the property involved with Provident Life and Accident Insurance Company in the principal sum of $1,335,000.00. The note signed by the sellers was secured by a deed of trust and security agreement, which, in addition to the usual provisions, provided:

> Grantor agrees that if the premises or any part thereof or interest therein is sold, assigned, transferred, conveyed, mortgaged or otherwise alienated by Grantor ... without prior written consent of beneficiary (Provident), beneficiary, at its option, may declare the note secured hereby and all other obligations hereunder to be forthwith due and payable.

Seven days after the refinancing by the sellers, the parties to this cause executed the contract made the basis of this suit. The contract was styled "Contract of Sale" and the sales price was $1,685,704.45. The terms of sale were $350,704.45 cash with the purchasers acquiring the property subject to the $1,335,000.00 note held by Provident. The purchasers paid the sellers $42,132.13 at the time the contract of sale was executed. All parties were aware of the written consent provision in the Provident deed of trust and security agreement, and the following provision was inserted in the contract: "If Provident does not approve purchase by purchaser, then purchaser, at his option, may obtain the property by contract for deed."

On March 31, 1980, the parties executed a second contract which substantially incorporated the terms of the first contract but differed as to cross-over parking arrange-

ments and survey fees. The parties agree that this second contract was for the purpose of getting the approval of the purchaser by Provident and that the March 24, 1980, was the actual contract between the parties. The parties disagree as to who initiated the idea of preparing the "bogus" contract.

On May 23, 1980, the parties executed an addendum to the March 24, 1980 contract, extending the 60 day closing date to June 9, 1980. Purchasers on this same day attempted to get sellers to execute a $50,-000.00 note, secured by a deed of trust, to the purchasers, but the sellers refused.

The sellers, after the execution of the contract, borrowed money from a bank and gave the bank a lien on the property without notifying the purchasers. The purchasers, upon discovering the new lien, talked to the bank about the possibility of "buying in the property" in the event of a foreclosure sale. The purchasers filed two *lis pendens* notices prior to filing suit. The purchasers also filed a mechanic's and materialman's lien on the property in the sum of $44,-327.06. The purchasers further talked to and wrote a letter to the seller's tenants informing them of lawsuits, liens and debts against the sellers. The letter "strongly urged" the tenants to consult with their attorney regarding rent due.

On June 9, 1980, the purchasers appeared at the title company to close the sale and asserted they had sufficient funds to pay the balance of cash set forth in the contract. The lienholder, Provident, had not consented to the sale. The sellers' representatives were present, but left and upon returning announced the sale was terminated. The title company had been furnished the "bogus" contract by purchasers and was prepared to close on that contract.

■ This was a non-jury trial. The parties did not request the trial court to make findings of fact or conclusions of law. This court must presume that the trial court made such findings of fact as were necessary to support the judgment. *Carter v. William Sommerville and Son, Inc.,* 584 S.W.2d 274 (Tex.1979).

■ The seller's first point of error is that the award of $1.00 in nominal damages is contrary to the weight of the evidence. We disagree.

The sellers assert that the two lis pendens notices and mechanic's liens filed by purchasers made it difficult to arrange financing. This may be true, but no evidence was proffered by sellers that they had attempted to refinance the property or that a loan would be granted if these instruments had not been filed of record. Moreover, there is no evidence of damages suffered by sellers as a result of the filing of the instruments.

The sellers also urge that the letter written by the purchasers and mailed to the tenants was for the purpose of enraging and alarming the tenants into putting pressure on the sellers to sell the property to purchasers, and that such action constituted an interference with sellers' right to peaceful use of its property and business relationship with its tenants. There is no doubt that the letter was highly inflammatory and could have caused serious problems for the sellers, but the sellers offered no proof of damages. At the time of trial the tenants were current on their rent and no tenant had abandoned its lease. The sellers have not sustained their burden of proof in offering evidence to prove damages. Where injury is shown but proof of damages is lacking, the trial court is justified in awarding a trivial sum of money as nominal damages. *State of Texas, et al., v. Miles, et al.,* 458 S.W.2d 943 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). Appellants' first point of error is overruled.

■ Sellers contend in their second point of error that it was error to award the appellees judgment for $42,132.12 plus interest. The contract does not specify what disposition will be made of the money paid by the purchasers to the sellers in the event the sale is not consummated. No fact findings having been requested, this court will not speculate upon the trial court's reasoning or thought processes in making such award. We take notice of the fact that sellers placed another lien on the property

after entering into a contract to sell the property to purchasers. We also take notice that sellers conspired with the purchasers in the preparation of a "bogus" contract in an attempt to mislead the lienholder and that sellers walked out of the meeting to close the sale of the property at the title company. These facts are sufficient for the trial court to conclude that sellers not only breached the contract but came into court with unclean hands. A court may under proper circumstances refund earnest money to the purchaser. *Zaruba v. Boethel*, 393 S.W.2d 716 (Tex.Civ.App.—Corpus Christi 1965, no writ). The sellers' second point of error is overruled.

 The purchasers assert in their first cross-point that the court erred in denying them specific performance on the contract. We cannot concur with the purchasers' position. The purchasers are requesting the court to invoke its equitable powers, as the contract does not provide for specific performance. To obtain equity a party must come into court with clean hands. We are of the opinion that there were sufficient facts upon which the trial court could have concluded that the purchasers did not come into court with clean hands. The purchasers' first cross-point is overruled.

The purchasers in their second cross-point urge that the trial court erred in not awarding them attorney's fees as provided under Article 2226, Texas Civil Statutes. The purchasers assume their recovery was based upon the terms of the written contract, however there is nothing in the trial court judgment that states such was the basis of the judgment. The purchasers sought specific performance and damages, neither of which was granted. The judgment essentially returns the parties to their original status by ordering the return of the purchasers' deposit, enjoining the purchasers from interfering with sellers' tenants and property, and clearing the sellers' title to the property from claims of the purchasers. There is no recovery by purchasers under the judgment that would entitle them to recovery under Article 2226, Tex. Civ.St. The purchasers' second cross-point

is overruled and the judgment of the trial court is affirmed.

Costs of this appeal are charged one-half to purchasers and one-half to sellers.

Motions for rehearing are denied.

COLEMAN, C. J., and PEDEN, J., also sitting.