**Affirmed; Opinion Filed July 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00744-CV

**ROBBIE LESA HAMES HORTON, Appellant**
**V.**
**KIMBERLY A. STOVALL, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-14190**

# MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Evans

This suit was filed after the July 2012 breakup of a domestic relationship between Robbie Lesa Hames Horton[1] and Kimberly A. Stovall. The trial court favorably disposed of Stovall's claims and adversely disposed of Horton's counterclaims by granting three partial summary judgments and severing and abating one of Horton's counterclaims. Horton timely filed her notice of appeal and complains in six issues that the trial court erred when it granted each order. For the reasons that follow, we affirm.

---

[1] Horton's name appears in various forms in the file. The Clerk of the Court appears to have styled this appeal based on Horton's notice of appeal. We refer to her as Horton. We refer to her husband, James David Horton, whom she married during the litigation, by the name used throughout the record, David Horton.

## BACKGROUND

Stovall and Horton lived together with Horton's children at a house on Centenary Avenue in Dallas, Texas. They acquired various personal property and debts. In addition to their domestic relationship, Horton worked in Stovall's law practice. Horton entered into a relationship with David Horton, one of Stovall's clients, whom Horton ultimately married. When Stovall and Horton severed their relationship, disputes arose over domestic and work-related matters and real and personal property. They entered into a settlement agreement to resolve their issues, but disputes erupted about the agreement. The first suit was filed by Stovall naming Horton, David Horton, and at least one of Horton's children as defendants. Horton then sued JP Morgan Chase Bank, N.A. alleging that the bank improperly allowed Stovall to withdraw $345,090.20 from Horton's account. In Stovall's suit, Horton and David Horton filed counterclaims. Stovall filed and amended several motions for summary judgment which were never heard or overruled on by the trial court. By the time Stovall filed her three motions for partial summary judgment at issue in this appeal, she had filed her seventh amended petition that asserted two claims solely against Horton: breach of contract and declaratory judgment. Stovall then moved for the three partial summary judgments that the trial court granted on March 6, 2015, June 29, 2015, and March 14, 2016. In addition, the trial court severed and abated one counterclaim filed by Horton. The trial court severed claims involving other parties, and Stovall filed various non-suits resulting in the trial court's summary judgments becoming a final, appealable judgment. Horton timely perfected this appeal.

## APPLICABLE LAW

We affirm a traditional summary judgment if the movant establishes as a matter of law all elements of her claim, establishes all elements of an affirmative defense to the non-movant's claim, or disproves at least one element of the non-movant's claim, and the non-movant fails to bring

–2–

forward evidence creating a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(c); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) (movant seeking summary judgment on movant's own claims must conclusively prove all essential elements of claim); *Adams v. Oncor Elec. Delivery Co.,* 385 S.W.3d 678, 681 (Tex. App.—Dallas 2012, no pet.) (movant seeking summary judgment on non-movant's claims must establish all elements of affirmative defense or disprove at least one element of claim). We affirm no-evidence summary judgments unless the nonmoving party demonstrates she brought forth in the trial court more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element of her cause of action. *See* TEX. R. CIV. P. 166a(i); *Adams*, 385 S.W.3d at 681. We conduct a de novo review of the trial court's summary judgment, examining the record in the light most favorable to the nonmovant, indulging every reasonable inference in her favor, and resolving any doubt against the movant. *See Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). When the summary judgment order does not state the ground on which summary judgment was granted, the summary judgment will be affirmed if any of the grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

The record on which the trial court makes its summary judgment decision and on which we review the summary judgment is created by the movant and non-movant filing the evidence on which they rely as attachments to their respective motion or response, or by reference to appendices they file. *See* TEX. R. CIV. P. 166a(a) (attachment by movant), (b) (attachment by non-movant), (d) (appendices filed and referred to by either movant or non-movant). Unless the appellate record clearly indicates the trial court considered evidence outside the summary judgment record, we will not consider evidence elsewhere in the trial court's file, such as a response to a different motion for summary judgment or evidence supporting a motion for new trial. *See Saenz v. S. Union Gas Co.*, 999 S.W.2d 490, 494 (Tex. App.—El Paso 1999, pet. denied) (when no request for trial court

–3–

to take judicial notice of evidence attached to response to previous motion for summary judgment, that evidence was not considered by trial or appellate courts); *Lee v. Palacios*, No. 14-06-00428-CV, 2007 WL 2990277, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.) (evidence attached to non-movant's motion for new trial filed after summary judgment granted not considered by trial or appellate courts).

An appellant may generally challenge a summary judgment when stating her issue, which permits her to argue any possible basis that the trial court erred in granting the summary judgment. *See Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). But a *Malooly* issue only preserves a complaint that is supported by argument in an appellant's brief. *See Cruikshank v. Consumer Direct Mortg., Inc.*, 138 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("Although Cruikshank has made a general *Malooly* point of error, we hold this is only sufficient to preserve a complaint if the specific ground challenged on appeal is supported by argument."); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex. App.—Corpus Christi 1998, no pet.) (*Malooly* general point of error does not relieve appellant of challenging grounds for summary judgment with specific arguments on appeal). So even under a de novo review standard of an appellant's general *Malooly* issue, our review is limited to the arguments asserted by an appellant in her brief. *See Cruikshank*, 138 S.W.3d at 502–03; *Pena*, 980 S.W.2d at 959.

Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Courts must construe briefs "reasonably yet liberally." *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). Even liberally construed, it must be appellant who makes some specific argument and analysis showing that the record and law support appellant's contentions. *See Strange v. Cont'l Cas. Co*., 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) ("An issue on appeal unsupported by argument or

citation to any legal authority presents nothing for the court to review."); *Birnbaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied); *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We cannot write an appellant's brief for her, as we observed in *Bolling v. Farmers Branch Independent School District*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.):

> We are not responsible for identifying possible trial court error. *See Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We are not responsible for searching the record for facts that may be favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994); *Strange*, 126 S.W.3d at 678. And we are not responsible for doing the legal research that might support a party's contentions. *See Canton–Carter*, 271 S.W.3d at 931–32. Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become an advocate for that party. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

*Id.* Further, "'[a]n appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record.'" *Jackson v. Citibank (S.D.), N.A.*, 345 S.W.3d 214, 214 (Tex. App.—Dallas 2011, no pet.) (quoting *Willms v. Wilson*, No. 05-08-01718-CV, 2009 WL 4283109, at *1 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.)). In addition, we may not consider documents in an appendix that are not in the appellate record. *See Deutsch*, 97 S.W.3d at 198; *see also Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed."). So, not only do we refrain from raising an issue an appellant did not raise in her appellate brief, we do not re-write an appellant's argument with analysis, appropriate authorities, and citations to the appellate record. *See St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 313 (Tex. App.—Dallas 2018, pet. filed) (en banc) (appellate court does not raise issue not raised by appellant); *Strange*, 126 S.W.3d at 678 ("We cannot remedy deficiencies in a litigant's brief.").

In summary, we may not reverse a summary judgment unless an appellant establishes by her argument in her brief that, based on the summary judgment record before the trial court for the particular motion for summary judgment on which the trial court ruled, "the trial court made an error of law" that "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1. With these appellate standards in mind, we review each of Horton's issues.

## ANALYSIS

### First Issue: No Genuine Issue of Material Fact Demonstrated Regarding March 6, 2015 Partial Summary Judgment (Breach of Settlement Agreement)

In her first issue, Horton complains the trial court erred in granting the partial summary judgment signed on March 6, 2015. The summary judgment granted Stovall relief on her breach of contract claim and granted judgment against Horton's declaratory judgment counterclaim. Horton generally asserts the summary judgment evidence "created the existence of material facts on every issue in Stovall's motions for partial summary judgment." Horton argues there are discrepancies that result in factual conflicts when she compares the evidence supporting Stovall's amended motion for summary judgment that resulted in the March 6, 2015 order with other evidence—evidence that is not in the summary judgment record of the March 6, 2015 partial summary judgment. Even if we are to consider Horton's citations to her brief's appendix and treat those as citations to the appellate record that is indicated on each document, Horton relies on the following: evidence Horton filed seeking continuance of Stovall's subsequent motion for partial summary judgment, evidence Stovall and Horton later filed in support of and opposition to Stovall's subsequent motion for partial summary judgment, evidence Horton later filed supporting her motion for new trial, evidence Stovall and Horton filed supporting and opposing Stovall's previous motion for summary judgment on which the trial court never ruled, and allegations in

Stovall's original and amended petitions.[2]   Nowhere does Horton point to conflicting evidence within the summary judgment record presented in support of the March 6, 2015 partial summary judgment.  Nor does Horton demonstrate in her brief where in the summary judgment record she pointed out to the trial court the evidence on which she relies in her brief.  Indeed, much of what she relies upon in her brief was filed after the March 6, 2015 summary judgment.  We do not consider any of the evidence Horton cites that is outside the summary judgment record.  *See* TEX. R. CIV. P. 166a(a), (b), (d); *Saenz*, 999 S.W.2d at 494; *Lee*, 2007 WL 2990277, at *2.  Accordingly, having treated each of Horton's citations to documents in her brief's appendix as a citation to the appellate record that is indicated on the document, we conclude that Horton has not presented anything for us to review.  *See Strange*, 126 S.W.3d at 678 ("We cannot remedy deficiencies in a litigant's brief.").

In the last paragraph of argument under her first issue, Horton challenges a traditional and no-evidence motion for partial summary judgment on Horton's counterclaims that Stovall filed about nine months earlier than her amended motion that is the basis for the March 6, 2015 partial summary judgment.  Horton does not point out where the trial court signed an order pertaining to that motion.  And other than asserting that evidence she filed created genuine issues of material fact, Horton does not explain what evidence on which Stovall relied in that motion was controverted.  Horton has presented nothing for us to review in the last paragraph of her first issue and cannot show she was harmed by a summary judgment motion on which the trial court never ruled.

Horton has not met her burden to demonstrate in her brief from the summary judgment record before the trial court that the trial court erred when it granted the March 6, 2015 partial summary judgment.  We rule against Horton on her first issue.

---

[2] Horton also cites a non-existent item 19 in her appendix.

***Third Issue: No Error Demonstrated in Denying Horton's Declaratory Relief regarding March 6, 2015 Partial Summary Judgment (Breach of Settlement Agreement)***

In her third issue, Horton asserts the trial court erred when it granted declaratory relief in the March 6, 2015 summary judgment that Stovall owned the Centenary property and rejected Horton's competing claim for declaratory relief. Horton's entire argument is comprised of four sentences in two paragraphs. In support of her statement about a quitclaim deed, Horton cites evidence she filed in support of her motion for new trial. In support of her sentence, "[Horton's] affidavit raises another fact issue," she cites three documents without any further explanation. The first document is Horton's affidavit in the summary judgment record, but Horton makes no further explanation regarding what statement of fact in her affidavit created a genuine issue of material fact. The second document is not in the March 6, 2015 summary judgment record; it is in the record of Stovall's subsequent motion for partial summary judgment on the remainder of Horton's counterclaims. Horton makes no argument or demonstration that the trial court considered this evidence, nor could the trial court have done so since it was filed after the March 6, 2015 partial summary judgment was signed. The third document is in Horton's appendix to her brief and lacks any marking indicating whether it was filed with the trial court and where it is located in the appellate record. Horton was obligated to cite the appellate record, not her appendix, and we are not obligated to search the eight volumes of the clerk's record to locate that document. *See Jackson*, 345 S.W.3d 214; *Deutsch*, 97 S.W.3d at 198. Accordingly, having treated each of Horton's citations to documents in her brief's appendix as a citation to the appellate record that is indicated on the document, we conclude that Horton has failed to argue or demonstrate the trial court erred when it granted the declaratory relief in the March 6, 2015 partial summary judgment. *See Strange*, 126 S.W.3d at 678. Accordingly, we reject Horton's third issue.

***Second Issue: Severability of Contractual Obligations regarding March 6, 2015 Partial Summary Judgment (Breach of Settlement Agreement)***

In her second issue, Horton challenges one premise of one of Stovall's alternative arguments in Stovall's amended motion for summary judgment. Horton challenges the severability or independence of the mutual obligations in the settlement agreement. On that premise, Stovall moved for summary judgment that Horton was estopped from challenging the enforceability of the settlement agreement as regards the Centenary property because Horton had accepted and retained the benefits of the settlement agreement—Stovall's payment of $100,000. In her brief, Horton cites only evidence she filed in support of her motion for new trial, not evidence in the summary judgment record. Although Horton argues and cites relevant authorities about severability or independence of mutual obligations in contracts, we need not consider her arguments. Having rejected Horton's other issues challenging the March 6, 2015 partial summary judgment, we conclude that Horton's second issue challenges only one of Stovall's alternative arguments. Because Horton has not demonstrated error in the other independent basis for the summary judgment—that Horton breached the settlement agreement—she cannot demonstrate in this issue that any error in this alternative ground "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1; *see FM Props. Operating Co.*, 22 S.W.3d at 872 (when summary judgment does not specify ground on which it was granted, we affirm if any ground is valid). We rule against Horton on her second issue.

***Fourth Issue: No Genuine Issue of Material Fact Demonstrated in June 29, 2015 Partial Summary Judgment (Horton's Counterclaims)***

In her fourth issue, Horton challenges the June 29, 2015 partial summary judgment denying all of Horton's remaining counterclaims. Horton generally asserts that there were genuine issues of material fact so the trial court erred when it granted the summary judgment. To support her argument in her brief, the only evidence she cites that is in the June 29, 2015 partial summary

judgment record is a document containing data about "IP Location Finder & Visual IP Locator."[3] There is no explanation in Horton's brief how this document supports her argument. Horton also cites two pages of her supplemental response itself, but she makes no argument how those pages support the argument in her brief and a summary judgment response itself is not evidence. *See Ellis v. Renaissance on Turtle Creek Condo Ass'n, Inc.*, 426 S.W.3d 843, 855 (Tex. App.—Dallas 2014, pet. denied) ("[Nonmovant]'s argument in his summary judgment response does not constitute evidence and therefore cannot raise a fact issue.").

Even if we trace all of Horton's citations to her appendix to the appellate record, remaining record citations are to evidence Horton filed in support of her opposition to Stovall's previous motion for partial summary judgment, evidence she filed in support of her motion for new trial, and statements in her response itself to a different motion for summary judgment. All of these are outside the June 29, 2015 partial summary judgment record, and Horton makes no argument or demonstration that the trial court considered the material to which Horton refers. We do not consider any of the evidence Horton cites that is outside the summary judgment record. *See* TEX. R. CIV. P. 166a(a), (b), (d); *Saenz*, 999 S.W.2d at 494; *Lee*, 2007 WL 2990277, at *2. Having treated each of Horton's citations to documents in her appendix as a citation to the appellate record that is indicated on the document, we conclude that Horton has not met her burden to demonstrate in her brief from the summary judgment record before the trial court that the trial court erred when it granted the June 29, 2015 partial summary judgment. We rule against Horton on her fourth issue.

---

[3] This is a document in her appendix to which Horton cites that we have traced to the appellate record.

***Fifth Issue: Presentment and Underlying Damages regarding March 14, 2016 Partial Summary Judgment (Stovall's Attorney's Fees)***

In her fifth issue, Horton lists seven challenges to the March 14, 2016 partial summary judgment awarding Stovall attorney's fees. Horton asserts three emails used by Stovall as evidence of presentment of her claim should not have been considered by the trial court. Horton cites only the first pages of Stovall's motion for partial summary judgment on attorney's fees, Horton's response, Stovall's amended motion, Horton's response, and Horton's motion to strike. With no other citation to the record, Horton argues the emails were never produced during discovery and should not be considered. Horton's brief fails to demonstrate or explain from the appellate record the basis for her argument. Horton also argues the three presentment emails are unreliable because, according to Horton, Stovall hacked various electronic accounts. But for this argument, Horton cites only documents in her appendix that bear no marking indicating they were ever filed with the trial court or where they are located in the appellate record. Horton further argues the content of the emails does not qualify as presentment under authorities Horton cites. But Horton does not provide a citation to the appellate record or to her appendix for the emails she challenges. Horton was obligated to cite the appellate record, not her appendix, and we are not obligated to search the eight volumes of the clerk's record to locate these presentment emails. *See Jackson*, 345 S.W.3d 214; *Deutsch*, 97 S.W.3d at 198.

Horton next argues Stovall did not obtain an underlying recovery so the trial court erred when it awarded Stovall attorney's fees. Stovall argues she is entitled to attorney's fees for two reasons. First, under section 38.001 of the civil practice and remedies code she recovered $245,585.64 on her breach of contract claim thereby entitling her to recover attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015). Second, she obtained a declaratory judgment regarding her exclusive ownership of the Centenary property, so she was entitled to

recover under the declaratory judgment statute. *See id*. § 37.009 (West 2015). We need reach only Stovall's argument regarding the application of section 38.001.

Horton argues that because the $245,585.64 was the proceeds of the sale of the Centenary property was held in the registry of the court and Stovall only received the money by filing a separate motion for release of the money, Stovall did not obtain a recovery for breach of contract. Horton relies on *Village Medical Center, Ltd. v. Apolzon*, 619 S.W.2d 188 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) to support her argument. Horton interprets *Apolzon* to hold that because the purchasers of property obtained only return of their earnest money, they were not entitled to attorney's fees. According to Horton's argument, Stovall merely recovered money that the trial court determined belonged to Stovall, so she did not obtain a recovery for breach of contract, and she is not entitled to attorney's fees. Horton's arguments are not persuasive.

Stovall sought partial summary judgment on her breach of contract claim that Stovall performed and Horton breached the settlement agreement, and that in the settlement agreement Horton released any interest she might have to the Centenary property. Stovall obtained partial summary judgment that "Plaintiff, Kimberly A. Stovall is entitled to judgment in the amount of $245,585.64." Horton claimed in the trial court and continues to claim on appeal that Stovall breached the settlement agreement, so Horton still owns part of the Centenary property. Thus, on Horton's theory, she would be entitled to some portion of the $245,585.64.[4] The trial court determined by the March 6, 2015 partial summary judgment that Stovall proved as a matter of law that Horton breached the settlement agreement and that Stovall was entitled to judgment for the entire $245,585.64 proceeds of the sale of the Centenary property. The mechanics of obtaining the funds from the registry of the court are similar to collection of a judgment and do not inform

---

[4] Indeed, even in this issue Horton argues, "Attorney fees were not appropriate because the Court first must resolve the issue of the ownership of the money in the registry of the Court and the release of the funds."

the basis for the judgment. Stovall is correct that the trial court's decision met the requirements for recovery of attorney's fees pursuant to section 38.001 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001.

Further, Horton is incorrect in her view of *Apolzon*. In *Apolzon*, parties that sought to purchase property sued for specific performance and damages and lost on both claims. *Apolzon*, 619 S.W.2d at 191. The trial court did award them return of their earnest money, but that was not what they sought. *Id.* Accordingly, the appellate court rejected the purchasers' claim that the trial court erred by denying them recovery of attorney's fees because they had not recovered under their claims. *Id.*[5] Because Stovall prevailed on her breach of contract claim and obtained judgment for the $245,585.64 proceeds of the sale of the Centenary property in contravention to Horton's claim, Stovall obtained a recovery and is entitled to attorney's fees pursuant to section 38.001.

Horton's last challenge to Stovall's attorney's fee recovery asserts Stovall failed to segregate her fees. Stovall argues she presented expert testimony of segregation of fees and Horton did not present expert testimony contradicting that evidence.[6] Horton's one-paragraph argument

---

[5] The court of appeals stated,

> The purchasers sought specific performance and damages, neither of which was granted. The judgment essentially returns the parties to their original status by ordering the return of the purchasers' deposit, enjoining the purchasers from interfering with sellers' tenants and property, and clearing the sellers' title to the property from claims of the purchasers. There is no recovery by purchasers under the judgment that would entitle them to recovery under Article 2226, Tex. Civ. St. [now codified at section 38.001, Texas Civil Practice & Remedies Code].

*Apolzon*, 619 S.W.2d at 191.

[6] Stovall cites her attorney's testimony about segregation of fees after he stated he considered the applicable standards in several cases:

> I segregated time spent on the discrete legal services that either specifically concerned Plaintiff's breach of contract claim regarding the Centenary property, or Defendant's counterclaim for declaratory judgment regarding the Centenary property. I segregated out, and did not count time spent on claims or defenses for which attorney's fees are not recoverable, including but not limited to claims related to the Spain property, [Horton's] counterclaims for conversion, unjust enrichment, accounting, invasion of privacy, David Horton's claims for breach of fiduciary duty, litigation expenses, DTPA, unjust enrichment, fraud, intentional infliction of emotional distress, negligence, assault, breaking and entering, impersonation of a police officer, David Horton's Motion for Partial Summary Judgment on litigation expenses, the motions to sever, abate and stay, the prior claims for assault, tortious interference, conversion, breach of fiduciary duty, fraud, statutory fraud, intentional

–13–

on this point essentially directs us to review twenty-seven pages of billing records and argues that non-recoverable items are contained in the records. But Horton does not discuss or cite Stovall's expert witness testimony about segregation of fees or explain how he allegedly did not account for the few specific details she mentions when in his testimony he applied a percentage discount attributable to segregable fees and explained the basis for how he arrived at the percentage number. As such, Horton fails to make a complete argument that demonstrates from the summary judgment record that the trial court erred when it granted Stovall's attorney's fees as regards segregation of fees. *See Strange*, 126 S.W.3d at 678.

Having considered each of Horton's arguments regarding the partial summary judgment on attorney's fees and having treated each of Horton's citations to documents in her brief's appendix as a citation to the appellate record that is indicated on the document, we reject each one. Accordingly, Horton has not demonstrated the trial court erred in granting the March 14, 2016 partial summary judgment on Stovall's attorney's fees.

### Sixth Issue: No Error in Nov. 20, 2014 Order Severing and Abating One of Horton's Counterclaims

In her sixth issue, Horton asserts the trial court abused its discretion in its November 20, 2014 order that severed and abated one of Horton's counterclaims. Six months before she filed her counterclaim in this suit, Horton sued JP Morgan Chase Bank, N.A., claiming that the bank improperly allowed Stovall to withdraw $345,090.20 from Horton's account. That case was

infliction of emotional distress, defamation, business disparagement, malicious prosecution, theft and injunctive relief, the time spent on the severance issues, Plaintiff's motion for summary judgment on Defendant's counterclaims, and Horton's motion for reconsideration and/or reconsolidation. As for legal services and time entries that that were intertwined with other claims, defenses and issues, I estimated the percentage of time spent on those issues, and I subtracted a reasonable amount of time for non-recoverable fees incurred in relation to those matters based upon a percentage of time spent in comparison to the claims or defendant involved. As for discovery responses, defending the Stovall deposition, and the motions for summary judgment, I segregated the time spent on the Centenary property issues, the breach of contract claim and declaratory judgment counterclaims from the time spent on issues for which attorney's fees are not recoverable by estimating the percentage of time spent on each where the time entry involved more than one claim.

–14–

assigned to the County Court at Law No. 5 in Dallas County. Within two weeks, JP Morgan Chase joined Stovall in Horton's lawsuit. Six months later, Horton filed the conversion counterclaim at issue in this suit pending in the 162nd District Court. In her brief, Horton contends that the severed claim was a compulsory counterclaim that arose from the same transaction as her other counterclaims and Stovall's original claims against her.

A trial court has broad discretion in matters of severance and consolidation of causes. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A counterclaim is compulsory if it is:

> within the jurisdiction of the court, *not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

TEX. R. CIV. P. 97 (emphasis added). At the time Horton added the counterclaim regarding the JP Morgan Chase account, it was already "the subject of a pending action" in another trial court. On this record and argument, we cannot conclude the trial court abused its discretion in its November 20, 2014 order of severance and abatement. We overrule Horton's sixth issue and affirm the trial court's severance order.

## CONCLUSION

For these reasons, we conclude Horton has not met her burden to demonstrate in her brief that the trial court erred when it granted each partial summary judgment and the order of severance.

Accordingly, we affirm the trial court's orders comprising the final judgment.

/David Evans/
DAVID EVANS
JUSTICE

Boatright, J., dissenting
160744F.P05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBBIE LESA HAMES HORTON,
Appellant

No. 05-16-00744-CV      V.

KIMBERLY A. STOVALL, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-14190.
Opinion delivered by Justice Evans,
Justices Francis and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Kimberly A. Stovall recover her costs of this appeal from appellant Robbie Lesa Hames Horton.

Judgment entered this 10th day of July, 2018.