**Stacy Jo JACKSON, Appellant,**

v.

**CITIBANK (SOUTH DAKOTA), N.A., Appellee.**

No. 05–10–00224–CV.

Court of Appeals of Texas, Dallas.

July 28, 2011.

Stacy Jo Jackson, McKinney, pro se.

Allen L. Adkins, Allen L. Adkins & Associates, P.C., Lubbock, for Appellee.

Before Justices MOSELEY, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant Stacy Jo Jackson, appearing pro se, appeals from a summary judgment in favor of appellee Citibank (South Dakota), N.A. In two issues appellant contends that the trial court "failed to review the evidence" and that "[i]t was appellant's belief that the Response of General Denial to the lawsuit would encumber all admissions inquiries."

After appellant filed her original brief, this Court notified her by letter that her brief was deficient in several respects, most notably because it did not contain appropriate citations to the record as required by Texas Rules of Appellate Procedure 38.1(d), (g), and (i). Appellant was given time to cure the deficiencies.

Appellant filed an amended brief along with various documents that are not file-stamped by the trial court clerk. The amended brief, however, still does not contain a single citation to the record as required by rule 38.1. Tex.R.App. P. 38.1. Even if we construe appellant's general references to certain events as citations to an appendix, appellant's brief is still deficient under rule 38.1. "An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record." *Willms v. Wilson,* No. 05–08–01718–CV, 2009 WL 4283109, at *1 (Tex.App.-Dallas Dec. 2, 2009, no pet.) (mem. op.). Because appellant has not provided any citations to the record, despite notice from this Court and an opportunity to correct this deficiency, nothing is preserved for review. *See id.; see also Bolling v. Farmers Branch Indep. Sch. Dist.,* 315 S.W.3d 893, 895 (Tex.App.-

Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). We overrule appellant's issues and affirm the trial court's judgment.