COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 CHARLOTTE WASHBURN OMOHUNDRO,
  
                             Appellant,
  
 v.
  
 AMELINDA CRISPINA RAMIREZ-JUSTUS,
 INDIVIDUALLY AND AS TRUSTEE OF THE MIRIAM N. WASHBURN REVOCABLE LIVING TRUST,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
 ' 
  
 
 
  
  
                   No. 08-11-00113-CV
  
 Appeal from the
  
 43rd
 District Court
  
 of Parker
 County, Texas
  
 (TC#CV-10-0747)
  
 
 


 

                                                                  O
P I N I O N

Appellant, Charlotte Washburn Omohundro
(Omohundro), appeals the trial court’s summary judgment in favor of Appellee,
Amelinda Crispina Ramirez-Justus (Amelinda), individually, and as Trustee of
the Miriam N. Washburn Revocable Living Trust. 
We affirm.

BACKGROUND

In 1976, Miriam N. Washburn, as Trustor,
executed a revocable trust agreement (the trust), to which she added provisions
establishing the trustee’s powers by amendment in 1978.

On November 8, 2001, Washburn executed both
a pour-over will and amendment to her 1976 trust.  In the pour-over will, Washburn directed that
in the event of her death, her personal and household effects and residual
estate, after the payment of debts, taxes, and administration expenses, were to
be transferred to her trust, of which she was trustee, and designated Amelinda
Ramirez to serve as independent executor of her estate and Ricardo Ramirez to
serve as the successor executor if Amelinda predeceased Washburn.  Washburn’s six-page pour-over will also
specifies that if, for any reason, the trust is not in existence at the time of
her death or if a court of competent jurisdiction declares the testamentary
disposition to the trustee to be invalid, Washburn gives all of her estate,
including the residue and remainder thereof, to the person who should have been
the trustee under the trust, as trustee and to applicable trustee substitutes
and successors, and incorporated the trust by reference into the pour-over
will.  Washburn included an in terrorem provision to the will explaining
that she had intentionally omitted persons and entities not named therein, and providing
that to any person or entity who challenges any term or condition of the will, the
sum of $1 only shall be bequeathed in lieu of any other benefit, grant, bequest,
or interest which that person may have in Washburn’s estate or the trust and
its estate.

In the 2001 amendment to her trust, Washburn
designated Amelinda to serve as successor trustee of the trust upon Washburn’s
death.  Under the terms of the trust, after
giving effect to Washburn’s “special directives” which included specific
bequests of money and personal property to Omohundro and other individuals, the
net income and principal of the trust estate would be distributed to Amelinda in
a fractional share of 80 percent with the remaining 20 percent distributed to
Ricardo Ramirez.

PROCEDURAL HISTORY

Washburn died on December 5, 2005.[1]  On January 12, 2006, the County Court of
Parker County probated Washburn’s will and ordered that letters testamentary
issue to Amelinda as independent executor of Washburn’s will and estate.  On December 18, 2009, Omohundro filed a
petition entitled, “Original Petition to Set Aside 2001 Amended Trust, For
Declaratory Judgment and For Other Relief,” against Amelinda, individually and
as trustee of the trust in the Probate Court of Tarrant County.  The Tarrant County Probate Court granted Amelinda’s
motion to transfer venue and ordered the cause transferred to the 43rd District
Court of Parker County, Texas.

In her petition, Omohundro stated that she
was seeking a finding from the court that the 2001 Amendment to Washburn’s
trust was invalid ab initio, as well
as findings of lack of mental capacity, undue influence, fraud, breach of
fiduciary duties, and tortious interference with inheritance.  Omohundro also requested that the trial court
grant declaratory relief, restore the 1976 trust, and grant Omohundro
attorney’s fees against Amelinda, individually, or alternatively against the
trust.

Amelinda filed an answer generally denying
Omohundro’s allegations, and made a special exception to the petition noting
that Omohundro lacks standing to pursue the alleged claims because she is
neither a beneficiary of Washburn’s estate or of any trust identified in her pleadings
nor an interested person with respect to Washburn’s estate.  Amelinda also affirmatively pleaded the
defense of statute of limitations to each and every cause of action raised in
Omohundro’s petition.

Concurrently with her answer, Amelinda filed
a motion for summary judgment.  In her
motion, Amelinda asserted that because Washburn’s will had been admitted to
probate, Washburn’s entire estate had been disposed in accordance with the
terms and conditions of the 2001 trust, and reasoned that Omohundro’s arguments
were irrelevant because Washburn’s will contained a provision which provided
that if the trust was either not in existence or was declared by a court of
competent jurisdiction to be invalid, then all of Washburn’s estate would be
given to the person who would have been the trustee under the trust, which
Washburn incorporated by reference into her will for that purpose.  Amelinda next challenged Omohundro’s standing
to assert her claims, arguing that Omohundro is not a beneficiary of the 1976 trust
or its 1978 amendment and failed to establish in her petition the means by
which she would be entitled to receive any portion of Washburn’s estate.  Finally, Amelinda contended that Omohundro was
attempting to pursue an indirect and impermissible contest of Washburn’s
pour-over will, which is time-barred by Section 93 of the Texas Probate Code
because Omohundro filed her action on December 18, 2009, more than two years
after Washburn’s will was admitted to probate. 
Tex. Prob. Code Ann. § 93 (West
2003).

In her response to Amelinda’s
summary-judgment motion, Omohundro challenged the motion as being an improper
vehicle for asserting a plea to the jurisdiction upon the basis of standing, asserted
that the motion did not contain a pleading for affirmative relief upon the
basis of any statute of limitations regarding the 2001 trust and that the trial
court could not, therefore, grant relief thereon in relation to Omohundro’s
claims.  Omohundro also objected to the
motion upon the alleged bases that it:  (1)
did not plead for the court to construe the will but asked that the court
conclude, as a matter of law, that the will effectively disposed of the
entirety of Washburn’s estate; (2) did not specify the relief being sought; (3)
is premature because it attempts to determine what will happen to the estate
before property is in the estate; and (4) fails to show that no fact issues
exist.  In support of her opposition to
the motion, Omohundro presented selected portions of deposition excerpts of the
testimony of Amelinda and Glen Wood, who prepared the 2001 trust
amendment.  Omohundro argued that because
she was bequeathed certain sums and personal property under Washburn’s special
directives of the trust, she is a beneficiary and interested person having
standing to bring suit.  Lastly,
Omohundro asserted that it is the 2001 trust amendment that controls the
ultimate distribution of Washburn’s assets and that the will should be construed
only if the trust is determined to be invalid.

After considering the evidence and arguments
presented by counsel, the district court entered a take-nothing final summary
judgment in favor of Amelinda.  Omohundro
filed a motion to reconsider or for new trial and, after again hearing the
evidence and arguments, the district court denied the motion.

DISCUSSION

Briefing

We first address the inadequacy of
Appellant’s brief.  The required contents
and organization for an appellant’s brief is controlled by the Texas Rules of
Appellant Procedure.  See Tex. R. App. P. 38.1; Valadez v.
Avitia, 238 S.W.3d 843, 845 (Tex.App.–El Paso 2007, no pet.).  Rule 38.1(d) of the Rules of Appellate
Procedure directs that the statement of the case in a litigant’s brief should
be supported by record references and Rule 38.1(i) mandates that the brief
contain a clear and concise argument for the contention made with appropriate
citation to authorities and to the record to maintain the point at issue.  Tex.
R. App. P. 38.1(d), (i).  See Slagle v. Prickett, 345 S.W.3d 693,
700 (Tex.App.–El Paso 2011, no pet.); Valadez, 238 S.W.3d at 845; see
Walder v. State, 85 S.W.3d 824, 827 (Tex.App.–Waco 2002, no pet.) (“counsel
should identify the evidence or other matters in the record (e.g.,
pleadings, arguments, or objections) pertinent to the issue or point ‘with
appropriate citations . . . to the record[.]’”).

A party asserting error on appeal bears the
burden of showing that the record supports the contention raised and of
specifying the place in the record where matters upon which it relies or of
which it complains are shown.  Sisters
of Charity of Incarnate Word, Houston, Tex. v. Gobert, 992 S.W.2d 25, 31
(Tex.App.–Houston [1st Dist.] 1997, no pet.). 
When appellate
issues are unsupported by argument or lack citation to the record or legal
authority, nothing is presented for review. Republic Underwriters Ins. Co.
v. Mex–Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004); Valadez, 238
S.W.3d at 844–45; Martinez v. El Paso County, 218 S.W.3d 841, 844
(Tex.App.–El Paso
2007, pet. struck); Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.App.–Amarillo 2003, pet. denied); Nguyen
v. Kosnoski, 93 S.W.3d 186, 188 (Tex.App.–Houston [14th Dist.] 2002, no pet.).

Importantly,
citing to the brief’s appendix is not a substitute for citing to the
record.  Jackson v. Citibank (South Dakota), N.A., 345 S.W.3d 214, 214
(Tex.App.–Dallas
2011, no pet.).  We are not required to
sift through the record in search of facts supporting a party’s position. Tex. R. App. P. 38.1(f), (h); Lawton v. State, 913 S.W.2d 542, 554 (Tex.Crim.App. 1995)
(when a party does not refer the appellate court to the precise pages in the
record where the error allegedly
occurred, the appellate court may properly overrule the issue as inadequately
briefed); Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995)
(it is not an appellate court’s task to review the record in an attempt to
verify appellant’s claims); Nawas v. R & S Vending, 920 S.W.2d 734,
737 (Tex.App.–Houston
[1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed
statement of facts pertinent to the points of error raised with references to
pages in record where facts may be found, and appellate court is not required
to search record without guidance to determine whether assertions regarding
facts of case are valid).  As we
noted in Valadez:

It
is the Appellant=s burden
to discuss her assertions of error.  An
appellate court has no duty B
or even right B to
perform an independent review of the record and applicable law to determine
whether there was error.  Were we to do
so, even on behalf of a pro se appellant, we would be abandoning our
role as neutral adjudicators and become an advocate for that party.

 

Valadez, 238 S.W.3d at 845 (citations omitted).

Although providing citation to legal
authority, Appellant’s brief contains no citation to the clerk’s record, instead
citing only to those documents comprising its appendix, and contains a handful
of citations to the reporter’s record.  However,
because this case was transferred from our sister court in Fort Worth, which
has not opined upon the consequences of a litigant’s citation to a brief’s
appendix rather than the clerk’s record, and because of the relatively small
size of the clerk’s record in the instant case, we decide with great
reservation that we will consider Appellant’s issues in the interest of justice.[2]  Our decision in this case does not overrule
settled law holding that error may be waived by inadequate briefing.  Republic
Underwriters,
150 S.W.3d at 427; Valadez, 238 S.W.3d at 844–45; Martinez, 218
S.W.3d at 844; Plummer, 93 S.W.3d at 931; Nguyen, 93 S.W.3d at
188.

Standard
of Review

            We review de
novo a trial court’s decision to grant a motion for summary judgment.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  When moving
for summary judgment, the movant bears the burden of showing that no genuine
issues of material fact exist and that he is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  In
determining whether there are disputed issues of material fact, we take as true
all evidence favorable to the nonmovant and indulge every reasonable inference
in the nonmovant’s favor.  Nixon,
690 S.W.2d at 548–49.  When the defendant
moves for summary judgment, he must conclusively negate at least one essential
element of each of the plaintiff’s causes of action or conclusively establish
each element of an affirmative defense to be entitled to summary judgment as a
matter of law.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
The burden then shifts to the plaintiff to produce competent
controverting summary judgment evidence that raises a genuine issue of material
fact.  Centeq Realty, Inc. v. Siegler,
899 S.W.2d 195, 197 (Tex. 1995).  If no
genuine issue of material fact exists, summary judgment, therefore, should be
granted as a matter of law.  Haase v.
Glazner, 62 S.W.3d 795, 797 (Tex. 2001).

            However,
where the district court does not state the basis for granting summary
judgment, the appealing party must negate all grounds that support the
judgment.  See Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995); State Farm Fire & Cas. Co. v.
S.S. & G.W., 858 S.W.2d 374, 381 (Tex. 1993); Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989).  If the
appealing party fails to negate each ground, we must uphold the trial court’s
summary judgment if any of the theories advanced are meritorious.  See Carr, 776 S.W.2d at 569; Cunningham v. Zurich American Ins. Co., 352
S.W.3d 519, 524 (Tex.App.–Fort Worth 2011, pet. denied); Hanson v. Greystar Development & Const.,
LP, 317 S.W.3d 850, 855 (Tex.App.–Fort Worth 2010, pet. denied).

Analysis

            Omohundro raises five issues on
appeal.  The trial court did not state
the basis for granting summary judgment in favor of Amelinda.  However, having reviewed the record, we determine
that Omohundro’s suit is time-barred.  Subject
to exceptions that have not been shown to be applicable under the facts of this
case, Section 93 of the Probate Code provides that an interested party may
institute suit in the proper court to contest the validity of a will if the
suit is brought within two years after the will has been admitted to
probate.  Tex. Prob. Code Ann. § 93. 
As raised by Amelinda in her motion for summary judgment, Omohundro
did not file suit until December 18, 2009, more than two years after Washburn’s
will was probated on January 12, 2006.

            Because Omohundro
has failed to negate each ground supporting the summary judgment, including
Amelinda’s assertion that Omohundro’s suit is untimely, and because the
statute-of-limitations ground is meritorious, we must uphold the trial court’s
summary judgment.  Tex.
Prob. Code Ann.
§ 93; see Carr, 776 S.W.2d at 569; Cunningham, 352 S.W.3d at 524; Hanson, 317 S.W.3d at 855. 
Having determined that Omohundro’s suit is time-barred, we need not
address Omohundro’s issues.

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

November 30, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
In her response to the
summary-judgment motion, Omohundro asserts without dispute that Washburn died
on December 5, 2005, that Amelinda is Washburn’s granddaughter, and that
Ramirez is Washburn’s former son-in-law who had divorced Washburn’s daughter,
Eva Maria Dimmitt.





[2]
Tex. R. App. P. 41.3.