**AFFIRM; and Opinion Filed February 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01473-CV

### PATRICK FAYE CRAWFORD, Appellant
### V.
### CITIMORTGAGE INC., Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-02213**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellant Patrick Faye Crawford appeals from the trial court's summary judgment rendered in favor of appellee CitiMortgage, Inc. Crawford argues that the trial court erred when it denied her motion to continue the summary judgment hearing and when it granted summary judgment in favor of CitiMortgage. We affirm.

### BACKGROUND

After a non-judicial foreclosure sale of property located in Lancaster, Texas, Crawford filed a pro se "Petition for a Verification of Debt" against CitiMortgage in which she requested that CitiMortgage produce the original copy of her promissory note in order to prove that it "is in fact the Note Holder in Due Course." After obtaining counsel, Crawford filed an amended petition alleging that the promissory note and deed of trust Crawford signed "were not lawfully

and timely indorsed, transferred, and assigned" to CitiMortgage and seeking a declaratory judgment that the non-judicial foreclosure sale was invalid. CitiMortgage counterclaimed seeking a declaratory judgment that the foreclosure sale was valid. CitiMortgage filed a motion for summary judgment supported by a business records affidavit, which included among its exhibits "[a] true and correct copy of the Note." At the hearing on its motion CitiMortgage produced to the trial court the original copy of Crawford's promissory note. The note includes an endorsement on the back of the signature page stating, "PAY TO THE ORDER OF CitiMortgage, Inc." After reviewing the original promissory note the trial court granted summary judgment in favor of CitiMortgage.

## ANALYSIS

After Crawford filed a pro se appellant's brief, this Court notified her by letter that her brief was deficient in several respects, most notably because it did not contain citations to the record. Crawford was given time to cure the deficiencies.

Crawford filed an amended brief and reply brief. But those briefs do not contain any citation to the record as required by Texas Rules of Appellate Procedure 38.1(d), (g), and (i). Instead, Crawford cites to various documents appended to her amended brief. Citations to an appendix, however, are not substitutes for citations to the record. *Jackson v. Citibank (South Dakota), N.A.*, 345 S.W.3d 214, 214 (Tex. App.—Dallas 2011, no pet.). Moreover, with respect to her complaint about the trial court's summary judgment, Crawford cites generally to some legal authority concerning the standards for summary judgment, but she does not apply that authority to the facts of the case. Instead, her entire argument is limited to the following three sentences:

> There was a genuine issue of material fact raised in County Court on April 21, 2011. Same issue was raised again in the Plaintiff's First Amended Petition (Appendix H). This issue of material fact [was] raised again in Plaintiff's Response to Defendant's Motion for Summary Judgment (Appendix G).

–2–

Crawford has not provided this Court with proper briefing. And without proper briefing an appellate court cannot discharge its responsibility to review and dispose of an appeal. *See id.* ("Because appellant has not provided any citations to the record, despite notice from this Court and an opportunity to correct this deficiency, nothing is preserved for review."); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or another.").

Based on our review of the reporter's record, we also note that Crawford's complaint about the denial of her motion for continuance is without merit. Crawford moved to continue the summary judgment for essentially two reasons: (1) she was forced to hire new counsel on short notice after her prior counsel resigned from the practice of law, and (2) CitiMortgage had not produced Crawford's original promissory note. At the summary judgment hearing, however, CitiMortgage produced the original promissory note, which established as a matter of law that CitiMortgage was entitled to foreclose on the property. As a result, the trial court explained that it would not have benefitted Crawford to continue the summary judgment hearing. In response, Crawford's counsel acknowledged that the arguments raised in connection with her motion for continuance were "irrelevant at this point."

We resolve Crawford's issues against her and affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121473F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK FAYE CRAWFORD, Appellant

No. 05-12-01473-CV    V.

CITIMORTGAGE, INC., Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-02213.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CitiMortgage, Inc. recover its costs of this appeal from appellant Patrick Faye Crawford.

Judgment entered this 20th day of February, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

–4–