**DISSENT; and Opinion Filed July 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00744-CV

**ROBBIE LESA HAMES HORTON, Appellant**
**V.**
**KIMBERLY A. STOVALL, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-14190**

## DISSENTING OPINION
Opinion by Justice Boatright

The majority affirms summary judgment on Horton's first five issues because she cited appendices and referred to evidence that, the majority contends, was not properly before the court. However, the majority cites no rule or judicial opinion that supports its decision, and I have found none. Therefore, I respectfully dissent.

*Citing Appendices*

Texas Rule of Appellate Procedure 38.1(i) requires that briefs contain appropriate citations to the record, but Horton cited appendices rather than the record. The majority cites two opinions of our Court for the notion that this alone would allow us to affirm summary judgment, *Jackson v. Citibank (S. D.), N.A.*, 345 S.W.3d 214 (Tex. App.—Dallas 2011, no pet.), and *Willms v. Wilson*, No. 05-08-01718-CV, 2009 WL 4283109, at *1 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.).

In *Jackson* and *Willms*, we sent letters to the appellants informing them that their briefs did not cite the record. This gave them an opportunity to file amended briefs. They did so, but the amended briefs were defective because they cited only appendices. We affirmed the trial court's judgments in both cases, concluding that the appellants' briefs gave us nothing to review. Our reasoning depended on the fact that the appellants failed to cure formal briefing defects that we had invited them to cure.

*Jackson* and *Willms* are consistent with Texas Rule of Appellate Procedure 38.9(a), which provides that, when a party files a brief with flagrant formal defects, we may proceed with the case as though the party did not file a brief at all, but only if we require the party to file an amended brief, and the amended brief is defective too. *Jackson* and *Willms* are also consistent with Texas Rule of Appellate Procedure 44.3, which prohibits us from affirming summary judgment based on formal defects without allowing a reasonable time to correct them.

In this case, however, we never told Horton that her brief was defective, we did not give her any opportunity to cure the defects, she never filed an amended brief, and we never determined that an amended brief was defective. Therefore, I think we have violated rules 38.9(a) and 44.3.

### *Record Evidence that Was Properly Before the Trial Court*

The majority also contends that the evidence appellant cites in her appendices was not properly before the trial court during each summary judgment proceeding. I think it was.

Consider, for example, the August 21, 2012 letter declaring Stovall in breach of the settlement agreement. This letter is critical to Horton's theory of the case—that Stovall breached the agreement first, excusing Horton's performance. According to the majority, the letter was not before the trial court in the summary judgment proceedings and cannot raise a fact issue or otherwise challenge Stovall's summary judgments in this appeal. However, a simple search of our

electronic record for the word "cancellation," which is in the subject line of the letter, locates the document in all of the following places in the Clerk's Record:

| CR/SCR Page Number | Location of August 21, 2012 Letter |
|---|---|
| CR 597 | Horton's Response to Plaintiff's [First] Amended Motion for Partial Summary Judgment |
| SCR 1088 | Horton's Motion for Reconsideration of Plaintiff's [First] Amended Motion for Partial Summary Judgment |
| SCR 322 | Horton's First Amended Motion for Reconsideration of Plaintiff's [First] Amended Motion for Partial Summary Judgment |
| CR 1139 | Horton's Response to Plaintiff's [Second] Motion for Summary Judgment on Defendant's Counterclaims |
| SCR 500 | Horton's Response to Plaintiff's [Third] Amended Motion for Summary Judgment on Attorney's Fees |
| SCR 197 | Horton's Response to Stovall's Motion to Sever and Abate |

Thus, the August 21 letter was attached to Horton's responses to each summary judgment motion at issue in this appeal. Like the August 21 letter, the other pieces of evidence the majority says were not in the record and were not properly before the trial court actually were, and they can be found through an electronic word search.

Searching an electronic record is neither onerous nor unusual; we do it in drafting most of our opinions. And we routinely look for things in the record that are not cited in briefs. This does not excuse flagrant violations of briefing rules, but it does suggest that, when we see citations to

an appendix rather than the record, we do not have to end our inquiry and declare that there is nothing for us to review.

Nor should we. Rule 38.9 requires only substantial compliance with briefing rules. And the Texas Supreme Court has told us to resolve cases on the merits whenever we can. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). I think we can reach the merits in this case with the briefing we have.

But if formal defects in Horton's brief prevented us from reaching the merits, we would owe her a chance to file an amended brief under rules 38.9(a) and 44.3 before affirming summary judgment based on the defects.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

160744DF.P05