COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Chalynn Lacey Wilson v. Ray Victor Wilson

Appellate case number:    01-21-00283-CV

Trial court case number:  2017-84605

Trial court:                257th District Court of Harris County

On December 20, 2022, appellant Chalynn Lacey Wilson (Chaylnn) filed a motion to supplement the appellate record with the following four exhibits in the appendix to her motion:

- Exhibit C: Final Decree of Divorce (Nunc Pro Tunc) entered by the 257th District Court of Harris County, Texas on May 2, 2022;
- Exhibit E: Order on Clarification/Nunc Pro Tunc entered by the 257th District Court of Harris County, Texas on April 13, 2022;
- Exhibit G: Affidavit of Chalynn Lacey Wilson, with attachments, filed in Case No. FL01-28628 in the Court of Queen's Bench, Calgary, Alberta on June 9, 2021; and
- Exhibit H: Affidavit of Ray Victor Wilson, with attachments, filed in Case No. FL01-28628 in the Court of Queen's Bench, Calgary, Alberta on May 28, 2021.

These exhibits appear to be a mix of (1) documents issued by or filed in the 257th District Court of Harris County, Texas ("Texas court") in the underlying case, and (2) affidavits with attachments filed in the Court of Queen's Bench in Calgary ("Canadian court") in a related proceeding to enforce the judgment issued by the Texas court.

On appeal, we cannot consider "documents attached to an appellate brief which are not part of the record." *Matter of Marriage of Comstock*, No. 01-19-00722-CV, 2021 WL 4466012, at *6 (Tex. App.—Houston [1st Dist.] Sept. 30, 2021, no pet.) (mem. op.); *see also Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."); *Jackson v. Citibank (S.D.), N.A.*, 345 S.W.3d 214, 214 (Tex. App.—Dallas 2011, no pet.) ("An appendix is not a substitute for a clerk's record nor are citations to the appendix a substitute for citations to the record."); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs

and must consider a case based solely on the record filed."). If Chaylnn desires the Court to consider the documents that are the subject of her motion to supplement the appellate record, the documents must be included in a supplemental clerk's record prepared and filed by the Harris County District Clerk.

"If a relevant item has been omitted from the clerk's record, . . . any party may be letter direct the [district] court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1). But this Court may not consider evidence that was not before the trial court at the time it ruled in the case. *See Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Ameripath, Inc. v. Herbert*, 447 S.W.3d 319, 345 (Tex. App.—Dallas 2014, pet. denied) (court "will not consider documents that were not properly part of the trial court's record in this cause"); *see also In re E.W.*, No. 05-01-01463-CV, 2002 WL 1265541, at *3 (Tex. App.—Dallas June 7, 2002, pet. denied) (not designated for publication) ("[R]ule 34.5(c) [does not] permit the clerk's record in an appeal to be supplemented unless it is clear that the item to be considered was on file when the trial court rendered judgment."). Stated differently, our review is confined to the record of the trial court when the trial court acted. *See, e.g.*, *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 52 n.7 (Tex. 1998).

In line with this authority, Chalynn's motion to supplement the appellate record is **granted in part** and **denied in part** as follows:

- Chaylnn's motion is **granted** as to Exhibits C and E in the appendix to the motion. **Within 14 days of the date of this order, we direct the Harris County District Clerk to file a supplemental clerk's record containing:**

  1. Final Decree of Divorce (Nunc Pro Tunc) signed by the Texas court on May 2, 2022; and
  2. Order on Clarifiction/Nunc Pro Tunch signed by the Texas court on April 13, 2022.

- To the extent the affidavits or any of their attachments in Exhibits G and H in the appendix to the motion were filed in the Texas court, Chaylnn may also supplement the clerk's record with those items. **For any such items, however, Chalynn is directed to file a request with the Harris County District Clerk to prepare a second supplemental clerk's record containing these items and make arrangements to pay for the supplemental clerk's records.** TEX. R. APP. P. 34.5(a)–(c), 35.3(a). **Chalynn's request shall be filed with the Harris County District Clerk within 14 days and shall specifically identify the documents by name, filing date, and electronic image number (where possible),** so that the Harris County District Clerk may locate the items for inclusion in the supplemental clerk's record.

- To the extent the items in Exhibits G and H have *not* been filed in the Texas court and have *only* been filed in the Canadian court, Chaylnn's motion is **denied.**

2

It is so ORDERED.

Judge's signature: /s Sarah Beth Landau

☒ Acting individually    ☐ Acting for the Court

Date: <u>December 29, 2022</u>