

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00420-CV

_____

IN THE INTEREST OF G.K., A CHILD

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-650555-18

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Judith S. Mwamba a/k/a Hope Branham, proceeding pro se, filed this restricted appeal after the trial court entered a default judgment in favor of Appellee Alphonse Lukusa Kayembe, also proceeding pro se, in this suit affecting the parent–child relationship. In the first of her four issues, Appellant complains that she had no notice of the hearing on Appellee's motion to modify. Because we agree that the record does not affirmatively show that notice was given, we will reverse the default judgment and remand the case for further proceedings.

## II. BACKGROUND

Divorce and custody proceedings began in this case in 2018. In the divorce decree entered in 2019, Appellant and Appellee were appointed joint managing conservators of G.K. (Child), and neither party was ordered to pay child support. In a 2024 modification order, the parties continued as joint managing conservators, but Appellee was ordered to pay child support.

While multiple motions were filed regarding a variety of issues in the intervening years, this appeal arises out of a motion to modify[1] filed by Appellee in March 2025. In that motion, Appellee alleged that Appellant had accepted a job offer in the Democratic Republic of Congo and had expressed an intent to relocate there

---

[1]The motion was entitled "Amended Motion to Modify Custody Order and (2nd) Amended Motion for Contempt with Request for Additional Sanctions."

with Child. Based on these and other allegations, Appellee requested "full sole custody" of Child "to ensure [Child's] stability and well-being," restrictions on Appellant's and Child's international travel, elimination of Appellant's primary managing conservatorship, and sanctions for Appellant's alleged violations of prior custody orders. The motion contained no certificate of service or request for service on Appellant. The record contains neither service of citation nor an answer by Appellant. However, Appellant filed multiple motions and documents prior to entry of the default judgment in this case, including a "demand" for the "dismissal without prejudice of the Amended Motion of Contempt filed by [Appellee] on September 18, 2024, and March 7, 2025."

Almost three weeks after filing his motion to modify, Appellee filed a motion to require Appellant to designate an agent for service or to waive service of process. The motion alleged that due to Appellant's intent "to leave the United States for an extended period to reside in the Democratic Republic of Congo," it "may become impractical or impossible to serve her with legal notices or court documents through standard methods in Texas." While the record contains no ruling on Appellee's motion, the trial court did sign an order denying Appellant permission to travel internationally with Child to the Democratic Republic of Congo "from May 20, 2025, to July 30, 2025" and "during major holidays."

In April 2025, Appellee filed a motion for default judgment and a request to set a final hearing on his motion to modify. In the motion for default, Appellee alleged

3

that Appellant "ha[d] effectively abandoned [Child] and ha[d] relocated to the Democratic Republic of Congo (DRC) for an extended and indefinite period, with no indication of returning to active parenting responsibilities." The motion sought sole managing conservatorship of Child and termination of Appellee's child support obligations. The motion contained no certificate of service.

In June 2025, Appellee filed a "Petition to Request Attorney General Intervention and Notice of Upcoming Hearing on June 25th, 2025, at 9:00 AM." The "petition" requested that the Office of the Attorney General (OAG) intervene in the case "as issues of child support and custody are before the Court" and "notifie[d] the OAG and the Court of a hearing currently scheduled for June 25th, 2025, at 9:00 A.M. in the 231st District Court, Tarrant County, Texas, regarding the matters of custody and child support." The prayer requested notice of the hearing be given to the OAG. Again, there was no certificate of service or request to notify Appellant of the hearing.

On June 25, 2025, a hearing on the motion to modify was held in the trial court. Appellee appeared pro se, and the OAG appeared by counsel.[2] Appellant did not appear. While Appellee testified that Appellant "was made aware of these court proceedings," he offered no proof that she was served with either the motion to

---

[2] While an attorney for the OAG appeared at the hearing, the OAG filed a letter in this appeal stating "that it has no role in this appeal and accordingly, will not file a brief."

4

modify or the notice of the June 25, 2025 setting. He stated that Appellant had "relocated to the Democratic Republic of Congo" and that he "ha[d] no indication . . . that she's coming back or when." At the conclusion of the hearing, the trial court approved the proposed final order and signed it the same day. After the trial court approved the order, Appellee testified that there was "an enforcement modification jury trial" set for June 15, 2026, but he wanted it dismissed or nonsuited. The trial court instructed Appellee to file a motion to nonsuit.

The order on the motion to modify stated that Appellant "was duly and properly served with notice of this Petition with its proceeding and failed to appear (*see Exhibit A*)." However, no exhibits were attached to the order. Among other things, the order named Appellee as sole managing conservator, gave Appellee the authority to establish the primary residence of Child "without geographic restriction," terminated Appellee's child support obligations effective April 4, 2025, and ordered Appellant to pay child support and medical support.

On August 15, 2025, Appellant filed a notice of restricted appeal and a motion to set aside final order and for new trial. In the notice of restricted appeal, Appellant alleged that she "did not participate in the hearing that resulted in the Final Order"; she "did not receive proper service or notice of the final hearing date and was told in April 2025 that no such hearing would be held in 2025"; the "Final Order contains false statements, including that Appellant relocated from Tarrant County"; and "Appellant has continuous and ongoing ties to Tarrant County, including residence,

5

three children in local schools, and medical care providers." In the motion to set aside final order and for new trial, Appellant contended that she "was not properly served with notice of any final hearing date" and that she "did not waive service, did not consent to proceed without notice, and was given no opportunity to be heard."

## III. DISCUSSION

In four issues on appeal, Appellant complains that (1) she was denied due process by the trial court's entry of a final custody judgment without serving her with notice of the hearing; (2) she was denied a meaningful opportunity to be heard by the trial court's denial of her motions for recusal, venue transfer, and hearing accommodations; (3) the trial judge showed judicial bias and retaliation; and (4) the trial court failed to protect Child's best interest "by severing him from his mother and imposing an impractical visitation scheme." Because the first issue is dispositive, we need not address the second, third, and fourth issues.

### A. Standard for Restricted Appeal

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). It allows a party to pursue an appeal outside the usual appellate deadlines if certain requirements are met. *Am. Servs. U.S., LLC v. Identity Built, LLC*, No. 01-23-00540-CV, 2025 WL 1256273, at *2 (Tex. App.—Houston [1st Dist.] May 1, 2025, pet. denied) (mem. op.).

6

To prevail on a restricted appeal, an appellant must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c), 30; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.013. The face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

## B. Analysis of the First Three Requirements

With regard to the first requirement, the trial court signed the complained-of judgment on June 25, 2025, and Appellant filed her notice of restricted appeal on August 15, 2025. *See* Tex. R. App. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk."), 30 ("A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of . . . may file a notice of appeal within the time permitted by Rule 26.1(c)."). This is within the six-month deadline set by Texas Rule of Appellate Procedure 26.1(c). *See* Tex. R. App. P. 26.1(c) (stating that, in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed).

Regarding the second requirement, Appellee's motion to modify named himself as Petitioner and Appellant as Respondent. Therefore, Appellant was necessarily a party to the underlying matter. *See Reliq Health Techns., Inc. v. Resurgence Partners, LLC*, No. 02-23-00211-CV, 2023 WL 8467376, at *2 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op.) (stating that since the petition listed Reliq as a defendant, it was necessarily a party to the underlying suit).

As to the third requirement, the record reflects that Appellant did not participate in the hearing on Appellee's motion to modify. *See* Tex. R. App. P. 30; *see also Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (stating that the third requirement considers whether the appellant has participated in the decision-making event that results in judgment adjudicating the appellant's rights). While Appellant did file a post-judgment motion to set aside the final order and for new trial, it was not timely filed. *See* Tex. R. Civ. P. 306a, 329b.

Therefore, Appellant has met the three requirements necessary to invoke our restricted-appeal jurisdiction. *See Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020) (holding that the first three requirements for a restricted appeal are jurisdictional).

## C. Analysis of the Fourth Requirement

### 1. The Parties' Contentions

With regard to the fourth requirement, Appellant contends that she "did not receive proper service or notice of the final hearing date." In addition, she complains that a jury trial had already been scheduled for June 15, 2026, and "[y]et on June 25,

8

2025—an entire year earlier—the trial court abruptly entered a final judgment granting custody to Appellee and removing all geographic restrictions[] while Appellant was out of the country."

Appellee responds that Appellant was personally served with the motion to modify on March 13, 2025. Further, he contends that Appellant was "included in joint email communications . . . concerning the scheduling of the Final Hearing on Appellee's motion." To support his arguments, Appellee attaches a number of exhibits as an appendix to his appellate brief and cites to those exhibits throughout his brief.

### 2. Appendix and Documents Attached to Appellee's Brief

At the outset, we note that the documents attached to Appellee's brief that concern service and notice to Appellant do not appear in the appellate record. The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. "An appendix is not a substitute for a clerk's record[,] nor are citations to the appendix a substitute for citations to the record." *Jackson v. Citibank (S.D.), N.A.*, 345 S.W.3d 214, 214 (Tex. App.—Dallas 2011, no pet.) (quoting *Willms v. Wilson*, No. 05-08-01718-CV, 2009 WL 4283109, at *1 (Tex. App.—Dallas Dec. 2, 2009, no pet.) (mem. op.)).

We may not consider documents in an appendix that are not in the appellate record. *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 198–99 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex.

9

App.—El Paso 2012, no pet.) (stating that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, could not be considered on appellate review); *see also Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed."). Therefore, because the documents attached to Appellee's brief are not part of the appellate record, we cannot and do not consider them. *See Leal v. Lopez*, No. 11-24-00015-CV, 2025 WL 1335315, at *5 (Tex. App.—Eastland May 8, 2025, pet. denied) (mem. op.); *see also Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied) (stating that because the attachment of documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal, the documents attached to appellee's brief could not be considered).

### 3. Rules Governing Service of Citation and Notice of Hearing

"A party whose rights and duties may be affected by a suit for modification is entitled to receive notice by service of citation." Tex. Fam. Code Ann. § 156.003; *see In re A.P.*, No. 01-18-00935-CV, 2020 WL 1429926, at *3 (Tex. App.—Houston [1st Dist.] March 24, 2020, no pet.) (mem. op.) ("Unlike an enforcement order, the entry of a final order in a modification proceeding concludes those proceedings and each subsequent filing of a new motion to modify requires issuance of citation and observation of the formalities of due process."). The rules of procedure applicable to

the filing of an original lawsuit apply to a suit for modification. Tex. Fam. Code Ann. § 156.004.

A trial court must have personal jurisdiction over a defendant to issue a binding judgment. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). "While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a [no-answer] default judgment." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *U.S. Bank, Nat'l Ass'n v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 718 (Tex. App.—Fort Worth 2016, no pet.) (stating that there are no presumptions favoring valid service in a direct attack on a default judgment).

For more than a century, the supreme court "has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *see HSBC Bank USA, Nat'l Ass'n v. Kingman Holdings LLC*, No. 02-21-00087-CV, 2022 WL 872474, at *4 (Tex. App.—Fort Worth March 24, 2022, no pet.) (mem. op.) (stating that a default judgment can only survive the defendant's direct attack alleging defective service if the plaintiff's strict compliance with the rules of service affirmatively appears on the face of the record); *see also* Tex. R. Civ. P. 107(h) ("No default judgment shall be granted in any cause until proof of service . . . shall have been on file with the clerk of the court ten days . . . ."), 239 (allowing a default judgment "provided that the return of service shall have been on

11

file with the clerk for the length of time required by Rule 107"). It is the responsibility of the one requesting service to see that service is properly accomplished and reflected in the record. *Primate Constr., Inc.*, 884 S.W.2d at 153. We indulge no presumptions, even reasonable ones, in favor of valid issuance, service, or return of citation. *See Spanton v. Bellah*, 612 S.W.3d 314, 316–18 (Tex. 2020).

"In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.) (citing *Primate Constr., Inc.*, 884 S.W.2d at 153). Whether service strictly complies with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

### 4. Application of Law to Facts

Here, the appellate record contains no return of citation showing service of the motion to modify on Appellant. Because there are no presumptions in favor of valid issuance, service, and return of citation, we cannot presume that Appellant's motions filed after the filing of the motion to modify are in response to Appellee's motion. *See In re J.M.H.*, No. 12-21-00063-CV, 2022 WL 868713, at *2 (Tex. App.—Tyler March 23, 2022, no pet.) (mem. op.); *see also Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 132–33 (Tex. App—Houston [14th Dist.] 2007, pet. denied) (op. on reh'g) ("The strict-compliance requirements in the default[-]judgment context preclude courts from making even the most obvious and rational inferences."). Such

12

a presumption would be particularly inappropriate here because there was also an enforcement proceeding pending in the same cause that was set for trial in June 2026.

However, even if we construe Appellant's multiple motions filed after Appellee's motion to modify as an appearance,[3] the record still reflects no service of the notice of hearing on Appellant. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (finding that a motion to dismiss the plaintiff's claim, while not a formal answer, was an appearance entitling him to actual or constructive notice of the hearing in the motion for default judgment). The requirement that a defendant receive notice of a trial setting applies to a hearing on a default judgment because it is a "trial setting" dispositive of the case. *See id.* As noted above, neither Appellee's motion for default judgment nor his petition requesting the OAG's intervention and notifying the OAG of the June 25, 2025 hearing were served on Appellant.

The failure to provide Appellant with notice of the trial setting deprived her of her constitutional right to be present at the hearing and to voice her objections in an appropriate manner and resulted in a violation of fundamental due process. *See*

---

[3]Because Appellant did not file a written answer, whether she made an "appearance" under Texas Rule of Civil Procedure 120 depends "on the nature and quality of the party's activities in the case." *See In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.—Amarillo 2005, no pet.). It is difficult to ascertain whether Appellant's motions are in response to what Appellee refers to as the "June 23, 2025[] Custody Modification" or the "June 25, 2026[] Custody Enforcement." However, we need not decide that question, as the record reflects neither service by citation of the motion to modify nor service of the notice of the hearing.

*Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied); *see also Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) ("Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution."); *Leal*, 2025 WL 1335315, at *6 ("The United States Constitution's Due Process Clause and the Texas constitution's Due Course of Law Clause require that adequate procedural due process be afforded to all parties to a judgment, which includes notice of trial court proceedings.").

Because the appellate record does not show proper service of citation or notice of the hearing on Appellant, the record does not support the default judgment. *See Coastal Banc SSB*, 48 S.W.3d at 801 (stating that where the record establishes that the defendant had no actual notice, the default judgment cannot be sustained). Accordingly, we sustain Appellant's first issue and need not address her second, third, or fourth issues. *See* Tex. R. App. P. 47.1, .4.

## IV. CONCLUSION

Having sustained Appellant's dispositive issue, we reverse the trial court's default judgment and remand this case to the trial court for further proceedings.

/s/ Dana Womack
Dana Womack
Justice

Delivered: December 11, 2025

14